JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 12 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 1143

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK PREMIUM LITIGATION

*James Roy Arvell Johnson v. Mutual Life Insurance Co. of New York, et al.,*
S.D. Mississippi, C.A. No. 5:03-466

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ* AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

Presently before the Panel is a motion by plaintiff in this action (*Johnson*), pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's order conditionally transferring *Johnson* to the District of Massachusetts for inclusion in the Section 1407 proceedings established there in this docket. Defendant MONY Life Insurance Company (MONY) opposes the motion and favors inclusion of *Johnson* in MDL-1143 centralized pretrial proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that *Johnson* involves common questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to that district for inclusion in Section 1407 pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that the *Johnson* plaintiff's pending motion to remand his action to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of *Johnson* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions involving allegations that deceptive life insurance sales practices occurred or were encouraged as part of MONY schemes or courses of conduct. *See In re Mutual Life Insurance Company of New York Premium Litigation*, MDL-1143 (J.P.M.L. Dec. 9, 1996) (unpublished order).

---

* Judge Motz did not participate in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Edward F. Harrington for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
Wm. Terrell Hodges
Chairman