IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

IN RE MUTUAL LIFE INSURANCE COMPANY OF
NEW YORK PREMIUM LITIGATION

MDL Docket No. 1143

---

This Document Relates to:

---

ARVELL JOHNSON
       Plaintiff,

v.

Civil Action NO. 5:03cv466

MUTUAL LIFE INSURANCE COMPANY OF NEW
YORK, a corporation; RUTH ANN MYERS, an
individual; and Fictitious Defendants "A" through "Z"
       Defendants.

---

## NOTICE OF PENDING MOTION

**COMES NOW**, the Plaintiff, by and through their undersigned counsel of record, and files their notice of pending motion as follows:

Prior to the case being transferred to the MDL-1143, the following motions (including responses, replies, briefs in support, etc.) were pending and had not been ruled upon by the United States District Court for the Southern District of Mississippi, Western Division:

    Exhibit 1.    October 13, 2003 - Plaintiff's Motion to Remand.

Dated:

                                Respectfully submitted,
                                Plaintiff, James Arvell Johnson

                                BY: _____
                                     JOSEPH L. "JOSH" TUCKER
                                     *Attorney for Plaintiff*

1

Joseph L. "Josh" Tucker
K. STEPHEN JACKSON, P.C.
Black Diamond Building
2229 First Avenue north
Birmingham, Alabama 35203
Telephone: (205) 252-3535
Facsimile: (205) 252-3536

Eric David Bonner
Mann, Cowan & Potter, P.C.
Suite 601
2000-B Southbridge Parkway
Birmingham, Alabama 35209
Telephone: (205) 879-9661
Facsimile:  (205) 879-9663

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of April, 2004, a copy of this Notice of Pending Motion was served by first-class mail, postage prepaid, upon the involved counsel *In Re: Mutual Life Insurance Company of New York Premium Litigation* - Docket No. 1143 (*James Roy Arvell Johnson v. Mutual Life Insurance Company of New York, et al.*, S.D. Mississippi, C.A. No. 5:03-466)

W. Wayne Drinkwater, Jr.
Bradley Arant Rose & White
Post Office Box 1789
Jackson, MS 39215-1789

Roy A. Smith, Jr.
Daniel Coker Horton & Bell
Post Office Box 1084
Jackson, MS 39215-1084

Noble L. Boykin, Jr.
Jones, Boykin, Stacy & Associates, PC
701 Abercorn Street
Savannah, GA 31401

David A. Busby
Langston Sweet & Freese, PA
201 North President Street
Post Office Box 23307
Jackson, MS 39201

William R. Couch
Deakle-Couch Law Firm
Post Office Box 2072
Hattiesburg, MS 39401

Todd A. Johnson
Ellis, Ellis, Hammons & Johnson, P.C.
Suite 600
901 St. Louis Street
Springfield, MO 65806

Harvey Kurzweil
Dewey Ballantine, LLP
1301 Avenue of the Americas
New York, NY 10019

Precious T. Martin
Byrd & Associates
427 East Fortification Street
Post Office Box 19
Jackson, MS 39205-0019

David Pastor
Gilman & Pastor, LLP
Stonehill Corporate Center - Suite 500
999 Broadway
Saugus, MA 01906

Richard T. Phillips
Smith, Phillips, Mitchell & Scott
Post Office Drawer 1586
Batesville, MS 38606

Robert R. Sparks
Parry Deering Futscher & Sparks, PSC
128 East Second Street
Post Office Box 2618
Covington, KY 41012-2618

Daniel J. Gleason
Nutter McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604

_____
Joseph L. "Josh" Tucker

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| JAMES ROY ARVELL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | 5:03CV466BrSu |
| ) | |
| MUTUAL LIFE INSURANCE COMPANY ) | |
| OF NEW YORK, a corporation; RUTH ANN ) | |
| RUTH ANN MYERS, et al., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION TO REMAND

COMES NOW, the Plaintiff, James Roy Arvell Johnson, in the above styled cause and moves this Court for an Order, pursuant to 28 U.S.C. §1447(c), remanding this cause to the Circuit Court of Warren County, Mississippi, where this action was filed. In support thereof, the Plaintiff would state as follows:

1.   On August 25, 2003, the Plaintiff filed his complaint in the Circuit Court of Warren County, Mississippi against Mutual Life Insurance Company of New York and Ruth Ann Myers alleging causes of action for breach of duty of good faith and fair dealing, fraudulent misrepresentation and suppressions of material facts, negligent and/or wanton training and negligent and/or wanton supervision. The Plaintiff's causes of action were based upon representations made by the Defendants, Mutual Life and Ruth Ann Myers, in the purchase of a whole life insurance policy, 13359193, in the amount of $25,000 on September 17, 1989. Defendants, Myers and MONY, represented that the policy would require payment of level premiums for twelve years and would accumulate increasing cash value. The Defendants, Myers and MONY, represented that once the Plaintiff had paid twelve years of premium payments the accumulating cash value would then

PLAINTIFF'S EXHIBIT 1

pay for all the premium payments for the remainder of the Plaintiff's life. Based on that representation, the Plaintiff purchased the money whole life insurance policy in the face amount of $25,0000. Not until after paying premiums for more than twelve years did the Plaintiff, Johnson, learn that the policy had not been as represented. Further, the Plaintiff discovered the misrepresentations made by the Defendants, Myers and MONY, within three years of the filing of this lawsuit.

2. Shortly after the Plaintiff's complaint was filed with the Circuit Court of Warren County, the Plaintiff effected service on the Defendants. The Defendants on or about September 25, 2003 removed this action to the United States District Court for the Southern District of Mississippi.

3. The removing Defendants essentially argue that Ruth Ann Myers was fraudulently joined and that her citizenship should be ignored for purposes of diversity jurisdiction. Secondly, the Defendants argue that the jurisdictional amount has been satisfied although Plaintiff has made a claim for unspecified damages.

4. The Plaintiff contends that this action was improvidently removed and should be remanded to the Circuit Court of Warren County, Mississippi. Remands are favored where federal jurisdiction is not absolutely clear. *Smith v Union National Life Insurance Co.*, 2001 WL 1764426 (S.D. Miss. 2001). All doubt about removal should be resolved in favor of remand. *Shamrock Oil & Gas Corp. v Sheets*, 313 U.S. 100 (1941). Because removal jurisdiction raises significant federalism concerns, removal statutes must be strictly construed. *Shamrock supra*.

5. In reviewing this claim of fraudulent joinder, this Court must evaluate all factual allegations and ambiguities in the controlling state law in favor of the Plaintiff. *Burden v*

*General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). If there is any possibility that the Plaintiff has stated a cause of action against a non-diverse defendant, the federal court must conclude that joinder is proper, thereby, defeating complete diversity, and the case must be remanded. *Id.* "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). The standard governing the propriety of removal with regard to fraudulent joinder was properly stated in *Hignite v American General Life & Accident Insurance Co.*, 142 F. Supp. 2d 785 (N.D. Miss. 2001):

> In order to prove that a non-diverse party has been fraudulently joined by a Plaintiff hoping to defeat diversity, the removing party must demonstrate either outright fraud in the Plaintiff's representation of jurisdictional facts, or that there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against the in-state defendant in state court.

6.   The heavy burden on the Defendants' shoulders in proving fraudulent joinder requires that they show that no possible claim or cause of action has been stated by the Plaintiff in the complaint against the resident defendant. See *Blakeney v. Georgia Pacific Corp.*, 151 F. Supp. 2d 736 (S.D. Miss. 2001) and *B., Inc., v. Miller Brewing Co.*, 663 F. 2d 545 (5th Cir. 1981).

7.   The Defendant argues that the Plaintiff has failed to allege any claim against the resident Defendant upon which there exists a possibility of recovery. However, the Defendants fail to mention in their Notice of Removal that the United States District Courts of this state have recognized that causes of action against a resident defendant insurance agent who sold a vanishing premium policy to a plaintiff are sufficient for purposes of state court jurisdiction and thus, cases of that nature may be remanded back to state court. *Blackwell v. Metropolitan Life Ins. Co.*, 2001 WL 1820040 (S.D. Miss. 2001).

8.   The Plaintiff has pled very specific facts, which state viable causes of action

3

against the resident defendant agent who sold the Plaintiff the policy forming the basis of this cause of action. The Plaintiff was informed by the resident agent Myers on or about September 17, 1989, that he could purchase a $25,000 whole MONY life insurance policy and only have to pay twelve years of out of pocket premiums. Further, the agent told him that after twelve years he would no longer have to pay out of pocket premiums on the policy and that the policy would pay for itself out of the accumulated cash value for the remainder of the Plaintiff's life. The Plaintiff alleged that the documents he received, subsequently, the purchase of the policy, do not contradict, but in fact support the Plaintiffs reliance in the misrepresentations made by the Defendants at the time of the sale. The Plaintiff asserts that the Defendants actively and fraudulently concealed and withheld information from him that policy in question would not perform as represented. Based upon the use of underlying financial assumptions that were not disclosed or the insurance consuming public in which we are incapable of discovery by reasonable and ordinary people. The Plaintiff's Complaint which states causes of action for breach of duty of good faith and fair dealing, fraudulent misrepresentation and suppression of material facts, negligent and/or wanton training and negligent and/or wanton supervision is replete with facts demonstrating that the agent, Ruth Ann Myers, made the representations that were false to the Plaintiff and that his representations were the basis for the Plaintiff purchasing insurance from MONY. Very clearly, Ruth Ann Myers is liable for her own individual fraudulent conduct committed against the Plaintiff. Consequently, this Complaint states viable causes of action against Ruth Ann Myers.

9. The Defendant is confusing the test applicable for determination of whether a resident Defendant has been joined fraudulently. The Defendant wants to advance the case to a point of determining whether, on the merits of the case, the Plaintiff is entitled to recover. The

relevant question for this court is whether there is a "possibility" that the complaint states a cause of action against the resident defendant. *Blakeney v Georgia Pacific Corp.*, 151 F. Supp. 2d 736 (S.D. Miss. 2001) and *Jordan v KMS, Inc.* 2001 WL 18255 (S.D. Miss. 2001). As the United States District Court for the Southern District of Mississippi stated:

> This court's evaluation of fraudulent joinder claims does not anticipate a judgment on the merits but merely considers whether there is any possibility that the plaintiff might prevail. See *Supra, Blakeney*.

The Defendant would have this Court engage in a merits based analysis of whether the Plaintiff's factual allegations found in his Complaint would allow for proof of a claim under his various state law causes of action. Such a merits based analysis has been rejected as a basis for finding fraudulent joinder of a resident defendant.

10. At this point in the case, there has been no discovery into the merits of the Plaintiff's claims. Consequently, this Court must examine the pleadings before it for determining whether or not the resident agent in this matter has been fraudulently joined. See *Jordan v KMS, Inc.*, 2001 WL 1820055 (S.D. Miss. 2001). Examining the Plaintiff's complaint, it is clear that there are sufficient allegations that the resident Defendant committed a breach of contract, fraud and fraudulent suppression in the selling of the insurance policy to the Plaintiff.

11. There is no doubt that the alleged actions committed by the resident agent, Ruth Ann Meyers, present a possibility of recovery against her by the Plaintiff. In *Hart v Bayer Corp.*, 199 F. 3d 239 (5th Cir. 2000), the court held that an agent for a disclosed principle can be held personally liable for his own tortious acts committed within the scope of his employment, and the tort claim can be maintained against the agent. Further, the court in *Hart* went on to say that an agent is subject to personal liability when she "directly participates in or authorizes the commission

5

of a tort."

12. In his complaint, the Plaintiff has stated his allegations of fraud with particularity against the resident agent Myers under Rule 9(b) of both the Mississippi Rules of Civil Procedure and the Federal Rules of Civil Procedure. In the Plaintiff's complaint, she states the date that the fraudulent representations were made by the resident agent Myers. He also states the exact representation made to him including the amount of the policy that he could purchase and the number of years that he would have to pay on that policy. Additionally, the Plaintiff clearly states in this Complaint that the fraudulent misrepresentation and concealment by MONY and Myers was done knowingly and constituted bad faith and unfair dealing on the parts of those Defendants. Further, the Plaintiff asserts that the Defendants, MONY and Myers, engaged in affirmative acts of act of concealment of failing to disclose of the Plaintiff that he would be required to pay additional premiums beginning on September, 2001. The Plaintiffs allege that the Defendants not only actively concealed the untruthfulness of the policy from the Plaintiff at the time the policy was sold but also as additional premiums were made over the next twelve years. The Plaintiff states that the Defendants conduct, including the conduct of the resident agent, Myers, was done affirmatively, intentionally, recklessly or negligently, and the concealment was done in an effort to prevent the Plaintiff from discovering the truth of the Defendants fraudulent representations. Finally, the Plaintiffs allege in their Complaint that the conduct of the Defendants was aimed at defrauding and/or concealing material facts which was part of a plan, design, scheme, pattern, practice and/or conspiracy of conduct aimed at defrauding and/or concealing material facts from the Plaintiff in an effort to deceive and mislead. Allegations of this nature go far beyond the requirements for stating a fraud cause of action against a resident agent. See *Smith v Union National Life Insurance*

OF COUNSEL:

MANN, COWAN & POTTER, P.C.
2000-B SouthBridge Parkway
Suite 601
Birmingham, AL 35209
Phone: (205) 879-9661
Fax: (205) 879-9663

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on counsel as follows by placing same in the U. S. Mail, properly addressed and first-class postage prepaid:

W. Wayne Drinkwater, Jr., Esquire
Bradley, Arant, Rose & White
Post Office Box 1789
Jackson, MS 39215-1789

Ruth A. Myers, Esquire
101 River Bend
Brandon, MS 39057

Joseph L. Tucker, Esquire
Jackson & Shuttlesworth, P.C.
Black Diamond Building
2229 First Avenue North
Birmingham, AL 35203

Dated this _13_ day of __October__, 2003.

_____
OF COUNSEL